IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SANNO BARROW, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION FILE |
| ) | NO.: _____ |
| SAGO NETWORKS, LLC, ) | |
| and MILLER M. COOPER ) | |
| ) | |
| Defendants. ) | JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Sanno Barrow and files this lawsuit against Defendants Sago Networks, LLC and Miller M. Cooper (hereinafter collectively "Defendants"), and shows the following:

### I. Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages for Defendants' failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter "FLSA") during Plaintiff's employment with Defendants

1

(hereinafter referred to as the "relevant time period").

## II. Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1343(4).

4.

Defendant Sago Networks, LLC is a Georgia corporation with its registered agent, Miller M. Cooper, located at 4311 Communications Dr, Norcross, Georgia 30093. In accordance with 28 U.S.C. § 1391, and LR 3, Northern District of Georgia, venue is appropriate in this Court.

5.

The unlawful employment practices alleged in this Complaint were committed within this District at Plaintiff's work location: 4311 Communications Dr, Norcross, Georgia 30093.

## III. Parties

6.

Plaintiff was a resident of the State of Georgia during the relevant time period.

7.

Defendant Sago Networks, LLC may be served with process by delivering

a copy of the summons and complaint to its registered agent, Miller M. Cooper, located at 4311 Communications Dr, Norcross, Georgia 30093.

8.

Defendant Miller M. Cooper may be served with process by delivering a copy of the summons and complaint to his office address at 4311 Communications Dr, Norcross, Georgia 30093.

### IV. Factual Allegations

9.

Plaintiff was an "employee" (as defined under FLSA §3(e), 29 U.S.C. §203(e)) for Defendants.

10.

Plaintiff performed non-exempt labor for the Defendants within the last three years.

11.

Defendants employed the named Plaintiff during the relevant time period.

12.

During the relevant time period, Plaintiff worked an amount of time that was more than forty (40) hours per workweek and was not paid the overtime wage differential required by FLSA §7, 29 U.S.C. §207 when

working more than forty (40) hours per week.

13.

Defendant Sago Networks, LLC is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

14.

Defendant Miller M. Cooper is an owner of Sago Networks, LLC.

15.

Defendant Cooper had discretion over Plaintiff's working hours and overtime compensation.

16.

Defendant Cooper acts both directly and indirectly in the interest of Sago Networks, LLC and was in a supervisory position over Plaintiff.

17.

Defendant Sago Networks, LLC is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

18.

Defendant Cooper is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

19.

Defendants are governed by and subject to FLSA §§ 6-7, 29 U.S.C. §§

204, 206-207.

20.

Plaintiff began working for Defendants on August 6, 2014 as a Network Support Specialist.

21.

Plaintiff's job duties consisted of supporting network servers and routers, including troubleshooting.

22.

Plaintiff consistently worked over 40 hours per week between August and December 2014, but was not paid any overtime premium, just straight time.

23.

Upon information and belief, Plaintiff was misclassified as an independent contractor.

24.

Plaintiff worked at Defendants' location, using Defendants' equipment and his schedule was made by Defendants.

25.

Plaintiff was assigned daily tasks by Defendants and was free to leave the position when he found another job.

26.

Plaintiff was misclassified as an independent contractor.

27.

Plaintiff estimates that he worked an average of 16 overtime hours per week.

28.

Plaintiff was paid his hourly rate of $14 for hours over forty (40) per week. He was not paid the overtime differential for any of these overtime hours. Thus, Defendants failed to pay Plaintiff's overtime wages at one and one-half his hourly rate for the hours over forty (40) worked in a week.

## V. Violation of the Overtime Wage Requirement of the Fair Labor Standards Act.

29.

Defendants, individually and collectively, jointly and severally, have violated FLSA § 7, 29 U.S.C. § 207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in a workweek.

30.

Pursuant to FLSA §16, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover unpaid wages, overtime wage differential, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

## VI. Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)   Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)   Enter judgment awarding Plaintiff unpaid overtime wages pursuant to FLSA § 7, 29 U.S.C. § 207, liquidated damages as provided by 29 U.S.C. § 216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. § 216, and court costs, expert witness fees, reasonable attorneys' fees as provided under FLSA § 16 and all other remedies allowed under the FLSA;

(C)   Grant declaratory judgment declaring that Plaintiff's rights have been violated; and

(D)   Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted this 28th day of August 2015.

                                                         **THE SHARMAN LAW FIRM LLC**

                                                         /s/ Paul J. Sharman
                                                         PAUL J. SHARMAN
                                                         Georgia State Bar No. 227207

                                                         The Sharman Law Firm LLC
                                                         11175 Cicero Drive, Suite 100
                                                         Alpharetta, GA 30022
                                                         Phone: (678) 242-5297
                                                         Fax: (678) 802-2129
                                                         Email: paul@sharman-law.com

                                                         Counsel for Plaintiff