# SETTLEMENT AGREEMENT

This Settlement Agreement ("**Agreement**") is made and entered into this 5th day of October, 2016 (the "**Effective Date**"), by and between **Sago Networks, LLC** and **Miller M. Cooper** (collectively "**Defendants**") AND Sanno Barrow ("**Plaintiff**"), an individual residing in the State of Georgia. Plaintiff and Defendants are collectively referred to herein as the "**Parties**," and each individually as a "**Party**".

**WHEREAS**, Plaintiff has asserted various claims against Defendants through a lawsuit filed in the U.S. District Court for the Northern District of Georgia styled 1:15-cv-03040-LMM; and

**WHEREAS**, Defendants deny that they have violated any laws and deny that any monies are due or owing to Plaintiffs; and

**WHEREAS**, the Parties have agreed to resolve their dispute following mediation with Magistrate Judge Alan Baverman upon the terms set forth herein.

**NOW, THEREFORE**, in consideration of the mutual covenants contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree to the following terms of settlement.

**I.     Settlement Payment.** Defendants agree to pay $9,750.00 (Nine Thousand Seven Hundred Fifty Dollars 00/100) (the "**Settlement Amounts**") as follows:

A.     On or before November 1, 2016, following judicial approval of this settlement, Defendants shall pay $3,000.00 (Three Thousand Dollars 00/100), which Plaintiff and his counsel will divide as follows: $1,750.00 (One Thousand Seven Hundred and Fifty Dollars 00/100) to Plaintiff and $1,250 (One Thousand Two Hundred and Fifty Dollars 00/100) to Plaintiff's counsel for costs and attorney's fees.

B.     On or before December 1, 2016, Defendants shall pay $2,250.00 (Two Thousand Two Hundred Fifty Dollars 00/100), all of which shall be paid to Plaintiff.

C.     On or before January 1, 2017, Defendants shall pay $2,250.00 (Two Thousand Two Hundred Fifty Dollars 00/100), all of which shall be paid to Plaintiff's attorney for attorney's fees.

D.     On or before February 1, 2017, Defendants shall pay $2,250.00 (Two Thousand Two Hundred Fifty Dollars 00/100), all of which shall be paid to Plaintiff's attorney for attorney's fees.

All payments of the above Settlement Amounts shall be by check made out to and delivered to legal counsel to Plaintiffs, The Sharman Law Firm LLC, 11175 Cicero Drive, Suite 100, Alpharetta, Georgia 30022, unless otherwise agreed by counsel.

**II.     Non-Disparagement.**

No Party shall make any negative statements about another Party or disparage another Party in any way.  If Defendants receive a request for an employment reference for Plaintiff, Defendants will provide only dates of employment and position held in response to such a request. The Corporate Defendant is not responsible for statements made by persons other than its owners and officers. This paragraph does not apply to any testimony given in a legal or administrative proceeding in response to a subpoena, legal process, or court order.

**III.    Release**. In consideration of the special benefits and compensation described herein, Plaintiff agrees, for himself and for his heirs, executors, administrators and assigns, to release, waive, acquit, and forever discharge Defendants, and Defendants' predecessors, successors, assigns, fiduciaries, partners, agents, heirs, administrators, executors and attorneys, past and present, from and against any and all claims, demands, liabilities, obligations, suits, charges, proceedings, actions and causes of action relating to or arising from the FLSA, whether known or unknown, whether asserted or unasserted.

**IV.    No Assignment of Claims.**  Plaintiff represents and warrants that he has not sold, assigned, or transferred in any way any claims released in Paragraph 3 above (the "**Released Claims**") and that the Released Claims are intended to be full and complete specific releases of the Released Claims.

**V.     Knowing Consent.**  In signing this Agreement each of the Parties hereto represents that he has carefully read and understands this Agreement and has entered into this Agreement voluntarily and with informed consent and advice of counsel.

**VI.    Consent to Exclusive Jurisdiction and Venue.**  The U.S. District Court for the Northern District of Georgia shall retain jurisdiction to enforce the terms of this agreement up to the time of the payment of the final portion of the settlement scheduled in Section I.  Following receipt of the entire settlement payment by Plaintiffs, the State or Superior Court of Fulton County, Georgia shall have jurisdiction over any dispute and/or controversy arising out of or relating to this Agreement or the performance hereof, and the Parties expressly waive any defenses to such jurisdiction.

**VII.   Governing Law**.  This Agreement is entered into and shall be governed, construed, and interpreted in accordance with the substantive and procedural laws and rules of the State of Georgia.

**VIII.  Waiver of Breach**.  The waiver by any party of a breach of any portion of this Agreement by the other party shall not operate or be construed as a waiver of any subsequent breach.

**IX.    Entire Agreement; Amendment.**  This Agreement constitutes the sole and entire Agreement and understanding among the Parties as to its subject matter and supercedes all prior discussions, agreements, understandings of every kind and nature among the Parties as to such subject matter.  This Agreement may not be changed orally, but only by an agreement in writing, signed by the party against whom enforcement of any waiver, change, modification, extension or

discharge is sought.  No such amendment or modification, however, shall affect any rights or obligations which arise hereunder prior to such amendment or modification.

**X.**     **Counterparts; Execution by Facsimile.**  This Agreement may be executed in several counterparts, each of which shall be deemed an original, and all such counterparts together shall constitute one and the same instrument.  Any signature delivered by facsimile or electronically (such as by pdf) shall be considered delivery of an original.

**XI.**    **Construction of Agreement.**  The language of this Agreement shall be construed as a whole according to its fair meaning. The headings used in this Agreement are for the convenience of the Parties and are not to be considered in construing the meaning of any of the terms herein.

**XII.**   **Authority to Enter this Agreement.**  Each person represents by his or her signature below that he or she has the authority to sign or act on behalf of the Party for whom he or she signs.

**XIII.**  **Successors and Assigns**.  This Agreement is binding upon and inures to the benefit of the Parties and their respective heirs, successors and assigns.

**XIV.**   **Severability.**  If any provision of this Agreement shall be held invalid by operation of law or by any court of competent jurisdiction, the remainder of this Agreement shall remain in full force and effect and may be independently enforced to the fullest extent permitted by law.

**XV.**    **Pronouns**.  As the context so requires, whenever used in this Agreement, the singular shall include the plural, the plural shall include the singular, and the masculine gender shall include the neuter and feminine gender, and vice versa.

**In Witness Whereof**, the Parties hereto, intending to be legally bound, have caused this Agreement to be executed as of the Effective Date as a sealed instrument as set forth below.

**DEFENDANTS:**

**SAGO NETWORKS, LLC**

By: _____

**MILLER M. COOPER**

_____
Miller M. Cooper

**PLAINTIFF:**

**SANNO BARROW:**

_____
Sanno Barrow